# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LINDSAY BALL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16-cv-853-WKW-PWG |
| ) | |
| **NATIONAL ENTERPRISE SYSTEMS,** ) | |
| **INC.; NAVIENT SOLUTIONS, LLC;** ) | |
| **EQUIFAX INFORMATION SERVICES,** ) | |
| **LLC; EXPERIAN INFORMATION** ) | |
| **SYSTEMS, INC.; and TRANS UNION,** ) | |
| **LLC,** ) | |
| ) | |
| Defendants, ) | |

## FIRST AMENDED COMPLAINT

For her Complaint, the Plaintiff Lindsay Ball ("Ball" or "Plaintiff") hereby states the following against Defendants National Enterprise Systems, Inc. ("NES"), Navient Solutions, LLC. ("Navient"), Equifax Information Services, LLC ("Equifax"), Experian Information Systems, Inc. ("Experian"), and Trans Union LLC ("Trans Union"):

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing in Houston County, Alabama.

2. NES is an Ohio corporation with a principal place of business in Ohio, the agent for service of which is CSC Lawyers Incorporating Service, 150 South Perry Street, Montgomery, AL 36104.

3.     Navient is a Delaware corporation with a principal place of business 11600 Sallie Mae Drive, Reston, Virginia 20193. Its agent for service of process is CSC Lawyers Incorporating Service, 150 South Perry Street, Montgomery, AL 36104.

4.     Equifax is a Georgia limited liability company with a principal place of business in Georgia. Its agent for service is CSC Lawyers Incorporating Service, 150 South Perry Street, Montgomery, AL 36104.

5.     Experian is an Ohio corporation with a principal place of business in Orange California. Its agent for service is CT Corporation System, 2 North Jackson Street, Ste. 605, Montgomery, Alabama 36104.

6.     Trans Union is a Delaware limited liability company with a principal place of business in Illinois. Its agent for service is Prentice-Hall Corporation System, Inc., 150 South Perry Street, Montgomery, AL 36104.

## FACTS

7.     In mid-2015, Plaintiff began receiving collection notices from NES concerning a series of nine (9) past-due accounts for which she was allegedly responsible (the "Accounts"). These accounts were purportedly loans which had been made by or assigned to Navient, and had been placed for collection with NES.

8.  Upon investigation, Plaintiff determined that her ex-boyfriend had obtained, through an exclusively online process not involving physical signatures or documents, a series of student loans from Sallie Mae. Plaintiff agreed to be a co-obligor with her ex-boyfriend on one student loan in the amount of approximately $4,000.00. However, without Plaintiff's authorization, the ex-boyfriend apparently entered Plaintiff's name and personal information as a co-obligor on additional student loans. Plaintiff never authorized anyone to obligate her as a co-obligor on any of these other additional loans.

9.  Upon discovering the genesis of these other loans, Plaintiff informed NES that the Accounts were not her responsibility and that she did not authorize the loans underlying the Accounts, and that NES should cease all collection activity against her immediately. NES ignored these requests and continued contacting her.

10. In late 2015 or early 2016, Plaintiff attempted to obtain credit for the purchase of household items. Plaintiff's application for credit was denied based on adverse credit reporting entries on her credit reports – all of which related to the Accounts.

11. NES, meanwhile, continued attempted collection on the Accounts. NES left one or more voice mail messages at Plaintiff's parents' residence, where Plaintiff was not residing, concerning the Accounts, some time in early 2016. And

despite repeated efforts of Plaintiff to have NES cease communications, NES sent four additional collection letters to Plaintiff relating to the Accounts in June of 2016. In this same time period, NES made collection calls to Plaintiff concerning the Accounts, and each time Plaintiff informed NES that she was not obligated on the Accounts and to stop calling.

      12.    On June 23, 2016, Plaintiff (through counsel) sent a letter (the "Reinvestigation Demand") to Equifax, Experian, and Trans Union (collectively, the "CRAs"), demanding (pursuant to 15 U.S.C. § 1681i(a)) that they commence a reinvestigation of the Accounts and that they delete the adverse credit information concerning the Accounts.

      13.    Experian and Trans Union acknowledged receipt of the Reinvestigation Demand responsive letter to counsel. Equifax, however, sent a letter to Plaintiff (not counsel), demanding that Plaintiff provide additional verification of her identity before commencing a reinvestigation. In so doing, Equifax failed to transmit the Reinvestigation Demand to the "furnisher" of credit information within 5 business days of receipt, as required by 15 U.S.C. § 1681i(a)(2). Equifax's request for additional information was dilatory, designed only to harass and cause delay – Experian and Trans Union certainly had all information it needed to process the Reinvestigation Demand, and they had the

same information Plaintiff provided to Equifax. Nevertheless, Plaintiff responded to Equifax.

14. The CRAs obtained provided results of the Reinvestigation Demand to Plaintiff (through counsel), refusing to delete the adverse credit reporting entries and in fact verifying them.

15. The CRAs processed Plaintiff's Reinvestigation Demand through an Automated Credit Dispute Verification ("ACDV") system, in which the dispute was electronically transmitted to the furnisher (in this case, Navient). An ACDV system either (1) generates an automated response by the furnisher(s) back to the CRAs, through essentially a "computer to computer" transaction without any human involvement at all, or (2) involves a process where the CRA electronically transmits the dispute, and a representative of the furnisher(s) simply "pulls up" the account on a computer system to verify the amount of the debt, without investigating the actual nature of the dispute (in this case, the information provided by Plaintiff in the Reinvestigation Demand regarding Plaintiff's having never authorized any co-signing at all). The ACDV process, however handled, is systemically flawed, willfully fails to investigate the actual nature of the consumer's dispute, and thus is not a reasonable reinvestigation within the meaning of 15 U.S.C. § 1681i(a).

16. Those adverse entries concerning the Accounts remain on Plaintiff's credit reports and are continuing to stain her otherwise fine credit history.

## COUNT ONE – FDCPA AGAINST NES

17. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

18. NES is a "debt collector," the Plaintiff is a "consumer," and the Accounts are "debts," within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1679 *et seq.*

19. NES left one or more voice mail messages for Plaintiff concerning the Accounts at the residence of Plaintiff's parents, where she did not reside. By doing so, Navient violated the FDCPA § 1692c(b) by communicating with a third party concerning the Accounts.

20. NES attempted to collect from Plaintiff on the Accounts, even though Plaintiff has no legal obligation whatsoever on the Accounts. In doing so, NES violated FDCPA § 1692e(1) by misrepresenting the legal status of the alleged debts, as well as FDCPA § 1692(f)(1) by attempting to collect on debts for which Plaintiff was not legally obligated.

21. NES continued attempting to collect from Plaintiff after she had repeatedly advised NES that the debt was disputed. In so doing, NES violated

FDCPA § 1692e(8), by failing to communicate that the debt was disputed when making further communications with the Plaintiff.

22. As a proximate result of these violations of law, Plaintiff is entitled to recover statutory damages and, further, has suffered actual damages, including but not limited to mental anguish and emotional distress, for which recovery is authorized under FDCPA § 1692(k)(1) and (2), respectively. In addition, Plaintiff is entitled to recover her reasonable attorneys' fees and costs, pursuant to FDCPA 1692k(3).

WHEREFORE, Plaintiff demands judgment against NES in such amount of statutory and actual damages as may be assessed by the trier of fact, together with interest, attorneys' fees and costs of this action.

### COUNT TWO – FCRA AGAINST THE CRAs AND NAVIENT

23. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

24. Equifax, Experian, and Trans Union each are "credit reporting agencies;" Navient is a "furnisher," and Plaintiff is a "consumer," as those terms are used in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

25. Pursuant to FCRA § 1681i(a), the CRAs had a duty to conduct a reasonable reinvestigation of Plaintiffs' dispute concerning her alleged liability on the Accounts. Likewise, Navient had a duty, pursuant to FCRA § 1681s-2(b), to

conduct a reasonable reinvestigation of the Plaintiff's dispute concerning the Accounts, upon Navient's receipt of the dispute from the CRAs.

26. The CRAs and Navient failed to conduct any reasonable reinvestigation of the Accounts. They utilized the ACDV procedure, discussed above, or some other iteration of "investigation" which is not a reasonable reinvestigation procedure.

27. As a proximate result of these Defendants' failures to conduct a reasonable reinvestigation, they have refused to remove the adverse credit reporting from Plaintiff's credit information, and that refusal has caused Plaintiff damages – including at least one lost credit opportunity.

28. Defendants acted willfully in refusing to conduct any reasonable reinvestigation. At the very least, Defendants acted negligently in refusing to conduct any reasonable reinvestigation.

29. As a proximate result of these violations of law, Plaintiff is entitled to recover statutory damages, for which recovery is allowed under FCRA § 1681n, and, further, has suffered actual damages, including but not limited to at least one lost credit opportunity, and mental anguish and emotional distress, for which recovery is authorized under FCRA § 1681o (in the case of negligent violations) and 1681n (for willful violations), respectively. In addition, Plaintiff is entitled to

recover her reasonable attorneys' fees and costs, pursuant to FCRA § 1681n and § 1681o.

30. Defendants' willful violations of law entitle Plaintiff to punitive damages, to be awarded under FCRA § 1681n.

WHEREFORE, Plaintiff demands judgment against NES in such amount of statutory damages, actual damages, and punitive damages as may be assessed by the trier of fact, together with interest, attorneys' fees and costs of this action.

## **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**

    /s/ W. Whitney Seals
W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)
filings@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th DAY OF JUNE, 2017, the foregoing is electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

*Attorneys for Equifax*
Kirkland E. Reid, Esq.
Jones, Walker
11 N. Water Street, Ste. 1200
Mobile, AL 36602
(251) 439-7513
kreid@joneswalker.com

*Attorneys for National Enterprise*
Lee Copeland, Esq.
Copeland, Franco, Screws & Gill
P.O. Box 347
Montgomery, AL 36101-0347
(334) 834-1180
copeland@copelandfranco.com

*Attorneys for Experian*
Andrea Bilbija, Esq.
Jones Day
1420 Peachtree Street N.E.
Atlanta, GA 30308
(404) 581-3939
(404) 581-8830
abilbija@jonesday.com

*Attorneys for Trans Union*
Matthew Robinett, Esq.
Norman, Wood, Kendrick & Turner
1130 22nd St. South, Ste. 3000
Birmingham, AL 35205
(205) 328-6643
(205) 251-5479
mrobinett@nwkt.com

*Attorneys for Navient Solutions, Inc.*
Samantha Smith, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
420 20th St. North, Ste. 1900
Birmingham, AL 35203-2118
(205) 328-1900
(205) 328-6000
samantha.smith@odnss.com

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

SAME AS ABOVE.

                                                /s/ W. Whitney Seals
                                                OF COUNSEL