IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDSAY BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CV-853-WKW |
| | ) | |
| NATIONAL ENTERPRISE | ) | |
| SYSTEMS, INC.; NAVIENT | ) | |
| SOLUTIONS, INC.; EQUIFAX | ) | |
| INFORMATION SERVICES, | ) | |
| LLC; EXPERIAN | ) | |
| INFORMATION SYSTEMS, | ) | |
| INC.; and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff Lindsay Ball and Defendant Equifax Information Services LLC's Stipulation of Dismissal With Prejudice (Doc. # 76), which is construed as a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2).[1] It

---

[1] A request to dismiss an action requires a court order and dismissal on terms the court deems proper if Federal Rule of Civil Procedure 41(a)(1) does not apply. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1) does not apply here. Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Not all of the parties who have appeared in this action have signed the stipulation of dismissal, and Equifax has filed an answer to the amended complaint (Doc. # 51). Dismissal, thus, must be by motion. *See* Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) permits a court to dismiss a plaintiff's action against a single defendant in a multiple-defendant action. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-*

is ORDERED that the motion (Doc. # 76) is GRANTED.  Accordingly, Plaintiff's action against Defendant Equifax Information Services LLC, is DISMISSED with prejudice, with each party to bear her and its own costs.

Also before the court is Plaintiff's Motion to Dismiss Defendant Experian Information Systems, Inc., with Prejudice (Doc. # 70), which comports with Rule 41(a)(2).  It is ORDERED that the motion is GRANTED and that Plaintiff's action against Defendant Experian Information Systems, Inc., is DISMISSED with prejudice, with each party to bear her and its own costs.

Also before the court is Plaintiff Lindsay Ball and Defendant Trans Union LLC's Joint Stipulation to Dismiss With Prejudice (Doc. # 65), which is construed as a motion to dismiss under Rule 41(a)(2).  It is ORDERED that the motion (Doc. # 65) is GRANTED.  Accordingly, Plaintiff's action against Defendant Trans Union LLC is DISMISSED with prejudice, with each party to bear her and its own costs.

The Clerk of the Court is DIRECTED to terminate Equifax Information Services LLC, Experian Information Systems, Inc., and Trans Union, LLC, as Defendants in this action.  This lawsuit remains pending as to Plaintiff's claims against Defendants National Enterprise Systems, Inc., and Navient Solutions, LLC.

---

*Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The Order of referral (Doc. # 3) is SUSPENDED for the limited purpose of the entry of this Order.

DONE this 20th day of October, 2017.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE